UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

-against-                                              1: 01-CR-41 (TJM)

JOSEPH KOONTZ,
                      **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

      Defendant files an "Emergency Motion" seeking to have the Court mandate that the Bureau of Prisons ("BOP") immediately release him based on his contention that the length of his incarceration was miscalculated. See Emergency Motion [dkt. # 16]. Defendant contends that the BOP failed to credit him on his federal sentence for 87 days he spent in state custody while under a detainer from this Court. Petitioner does not indicate the procedural mechanism by which he applies to this Court for relief but, by the nature of his argument and relief sought, the motion is clearly one seeking habeas corpus relief under 28 U.S.C. § 2241. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(Included among the topics that a Section 2241 petitioner may address is the "computation of a prisoner's sentence by prison officials."); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001)("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its

1

execution subsequent to his conviction."); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)(A federal prisoner's challenge to the execution of a sentence is properly filed pursuant to 28 U.S.C. § 2241; a federal prisoner's challenge to the legality of the original imposition of a sentence is properly filed pursuant to 28 U.S.C. § 2255.).

To the extent the motion is brought under 28 U.S.C. § 2241, it must be denied. First, a petition pursuant to 28 U.S.C. § 2241 must be filed in the United States district court where the petitioner is incarcerated. See 28 U.S.C. §§ 2241(a)(Providing federal courts with power to grant a writ of habeas corpus only "within their respective jurisdictions."). This requirement is jurisdictional. Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004)(When a prisoner challenges his continued physical confinement, the "plain language" of the statute indicates that "jurisdiction lies in only one district: the district of confinement."); Boone v. Manifee, 387 F. Supp.2d 338, 344 (S.D.N.Y. 2005)("Accordingly, to challenge his incarceration, [Petitioner] must "'name his warden as respondent and file the petition in the district of confinement'.")(quoting Rumsfeld v. Padilla, 124 S.Ct. at 2724, citing Rickenbacker v. United States, 365 F. Supp.2d 347, 353 (E.D.N.Y. 2005)(Eastern District of New York lacked jurisdiction under Section 2241 to issue a writ to prisoner in Connecticut)). Defendant's Motion indicates that he is presently incarcerated in Pennsylvania. Thus, this Court lacks jurisdiction to adjudicate the claim under 28 U.S.C. § 2241.

Second, while the Court has the authority to transfer a Section 2241 motion brought in the wrong district, transfer in this case appears futile. A petitioner challenging the BOP's calculation of his sentence must exhaust administrative remedies prior to bringing a Section 2241 application. See Dent v. Zenk, 408 F. Supp.2d 103, 105 (E.D.N.Y. 2005). There is no indication that Defendant

exhausted his administrative remedies prior to filing his Emergency Motion.

Further, it appears that the motion would fail on the merits. Defendant was originally arrested on March 19, 2004 by local authorities for an incident that occurred in the Troy, New York area. At that time, a federal detainer was lodged with local authorities based upon the federal supervised release violation. Upon completion of his state sentence, Defendant was transferred over to federal authorities and produced on February 16, 2006 on the federal supervised release violation pending in this District. On February 21, 2006 Defendant was sentenced on the federal charges. Section 3585(b) of Title 18 of the United States Code allows a prisoner's sentence to be credited for time served in pre-sentence custody only if the time "has not been credited against another sentence." Dent v. Zenk, 408 F. Supp.2d at 106 (quoting 18 U.S.C. § 3585(b)). Under the statute, Defendant is precluded from receiving a "double credit" which would result if he were credited on both his federal and state sentences with the 87 days he spent in state custody. Id. (citing Tisdale v. Menifee, 166 F. Supp.2d 789, 792 (S.D.N.Y. 2001)). The information before the Court at the time of sentencing indicated that Defendant was credited on his state sentence for the 87 days he spent in state custody on his state law charges. Defendant has provided no basis to conclude otherwise, and therefore there appears no basis for Section 2241 relief.

To the extent the Emergency Motion is brought pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, it must also be denied. Rule 35(a) provides:

> **(a) Correcting Clear Error**. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Sentencing occurred on February 21, 2006, see Judgment of Revocation [dkt. # 14]); United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995)("It is clearly established in this Circuit that '[i]t is the

oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment order is mere evidence of such authority.'")(quoting United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974)), and the motion was served on May 15, 2006.  See Certificate of Service [dkt. # 16].   Since more than seven (7) days expired after sentencing and before the motion was made, the motion is untimely under Fed. R. Crim. P. 35(a) .  The Court lacks jurisdiction to entertain an untimely Fed. R. Crim. P. 35(a) motion. Werber, 51 F.3d at 348.

Further, even assuming the motion was timely, there was no clear error in the sentence imposed by this Court.  As indicated above, Defendant was not entitled to credit on his federal sentence for time served in state custody because he received credit for the 87 days in state custody on his state sentence. See 18 U.S.C. § 3585(b).

**THEREFORE**, to the extent  Defendant's Emergency Motion is brought pursuant to 28 U.S.C. § 2241, it is **DENIED** without prejudice to renewal in a proper district. To the extent Defendant's Emergency Motion is brought pursuant to Fed. R. Crim. P. 35(a), it is **DENIED** with prejudice.

**IT IS SO ORDERED**

DATED:May 31,2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge